# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-10235
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
November 13, 2014
Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MELISSA JO SULLIVAN,

Defendant-Appellant

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
DEC 15 2014
CLERK, U.S. DISTRICT COURT
By _____
Deputy

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-100-4 — A

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:*

Melissa Jo Sullivan pleaded guilty to conspiracy to possess with intent to distribute 50 grams or more of methamphetamine and was sentenced below the advisory guidelines range to a 300-month term of imprisonment. Sullivan now appeals her sentence.

Sullivan asserts that the district court erred in calculating the amount of methamphetamine (actual) for which she was accountable. She contends

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the district court had no basis to use the average purity rate of the drugs seized from her supplier to determine her drug quantity for purposes of sentencing. The district court's determination of drug quantity for purposes of sentencing is a factual finding that we review for clear error and will uphold unless it is not plausible in light of the entire record. *United States v. Alaniz*, 726 F.3d 586, 618 (5th Cir. 2013).

The unrebutted facts in the PSR and the addendum thereto reflected that Sullivan obtained the methamphetamine at issue from the supplier, who had a single source, and, thus, the district court plausibly could have found that the methamphetamine attributable to Sullivan had a similar purity rate. *See Alaniz,* 726 F.3d at 618-19; *United States v. Rodriguez*, 666 F.3d 944, 947 (5th Cir. 2012). Further, nothing in the record suggests that the drugs attributable to Sullivan had a purity rate below 80% and, thus, she has not shown that the district court clearly erred in its quantity calculation. *See Rodriguez*, 666 F.3d at 947; U.S.S.G. § 2D1.1(c)(1), Note (C); § 2D1.1 (n.8(D)).

Sullivan also asserts that her sentence was substantively unreasonable because the evidence was insufficient to support the drug quantity for which she was found responsible. She has not shown error regarding her sentence because, as noted, her challenge to the district court's finding on drug quantity is without merit. Sullivan has not otherwise argued or shown that the district court failed to account for a factor that should have received significant weight, gave significant weight to an improper factor, or clearly erred in balancing the sentencing factors. *See United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009).

AFFIRMED.

